[Civ. No. 3493.   Second Appellate District, Division One.—March 5, 1921.]

## ALBERT J. BRINKWORTH et al., Appellants, v. SAM SEELIG COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—CONDUCT OF STORE—DUTY TO KEEP AISLES IN SAFE CONDITION—CARE REQUIRED.—One who, during business hours, lawfully enters a store to purchase goods does so at the implied invitation of the owner, upon whom the law imposes the duty of exercising ordinary care and prudence to keep the aisles and passageways of the premises, in and through which by their location and arrangement a customer in making purchases is induced to go, in a reasonably safe condition so as to not unnecessarily expose him to danger or accident.

[2] ID. — PERSONAL INJURIES TO CUSTOMER — FAILURE TO OBSERVE BOXES IN AISLE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY —NONSUIT.—In an action to recover damages for personal injuries sustained by plaintiff when, while a customer in defendant's store, she fell over certain boxes which had been deposited in one of the aisles, but which she did not see or know the existence of, where the evidence is such that the jury might properly conclude that in so obstructing the aisle defendant was guilty of the want of ordinary care, and that, although plaintiff had she looked might have seen the boxes, she was, under the circumstances, justified in assuming the place one of safety, and hence her failure to observe the obstruction was not negligence on her part, it is error to grant a motion for nonsuit.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.   Reversed.

The facts are stated in the opinion of the court.

E. B. Drake for Appellants.

Hickcox & Crenshaw for Respondent.

SHAW, J.—Action to recover damages for personal injuries alleged to have been sustained as the result of defendant's negligence.

---

1.  Duty of storekeeper toward customer as to condition of premises, notes, 21 L. R. A. (N. S.) 456; L. R. A. 1915F, 572.

In its answer defendant denied the imputed negligence and alleged contributory negligence on the part of the plaintiff.

At the close of plaintiff's evidence, defendant moved for a nonsuit upon the ground that the testimony offered on behalf of plaintiff not only failed to show that defendant was guilty of negligence, but established the fact that plaintiff's injuries were the result of contributory negligence. The motion was granted, followed by a judgment from which plaintiff has appealed.

Defendant conducted a store for the sale of groceries, fruits, and vegetables. As shown by a plat received in evidence, the storeroom, on the east side of the street, was about sixty feet square, around the sides and rear of which were counters. In the center of the storeroom was a fruit and vegetable stand, the width of which, fronting the store entrance, was some twelve or fifteen feet, and around which were located counters for the display and delivery of goods to purchasers. Around this fruit and vegetable stand there was, for the use of customers, an aisle or passageway, the width of which in front thereof and next to the entrance, was some ten feet. At the time in question two boxes, designated as lug boxes, used for bringing vegetables into the store, and which were about seven inches in depth, sixteen inches long, and ten inches wide, placed one on top of the other, were deposited on the floor of the passageway in front of the vegetable and fruit stand at a distance of some two or three feet from the counter thereof. During business hours, and at about 11:45 o'clock A. M., plaintiff, as a customer, entered the west door of the store and, through the north or left aisle, walked to the rear counter to make a purchase, from which place she retraced her steps to the north side of the vegetable and fruit stand and, while inspecting the goods on display, walked sideways and fronting the counter around to the front of the stand at a point between the counter and the place where the vegetable boxes were deposited, some fifteen feet south of plaintiff's line of travel through the north aisle in reaching the rear counter, where she made a purchase of goods, and upon delivery of the same to her, she, in taking her departure, stepped backward and fell over the boxes, sustaining the injury complained of. At no time

while in the store, until after the accident, did the plaintiff see or know of the existence of the boxes so deposited in the aisle, and which had been placed there about 8 o'clock of the morning of the accident and, contrary to defendant's custom, permitted to remain until 11:45 o'clock without transferring their contents to the counter and removal of the boxes.

In granting the motion the court erred. **[1]** One who, during business hours, lawfully enters a store to purchase goods does so at the implied invitation of the owner (*Herzog* v. *Hemphill,* 7 Cal. App. 116, [93 Pac. 899]), upon whom the law imposes the duty of exercising ordinary care and prudence to keep the aisles and passageways of the premises, in and through which by their location and arrangement a customer in making purchases is induced to go, in a reasonably safe condition so as to not unnecessarily expose him to danger or accident. (*Hart* v. *Grennell,* 122 N. Y. 371, [25 N. E. 354]; *Schmidt* v. *Bauer,* 80 Cal. 565, [5 L. R. A. 580, 22 Pac. 256]; *Means* v. *Southern Cal. Ry. Co.,* 144 Cal. 473, [1 Ann. Cas. 206, 77 Pac. 1001].) It has been frequently declared by the courts "that negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn from the evidence." (*Wahlgren* v. *Market St. Ry. Co.,* 132 Cal. 663, [162 Pac. 308, 64 Pac. 993].) In *Ginns* v. *Sherer Co.,* 219 Mass. 18, [106 N. E. 600], it appeared that a store aisle was obstructed by a hat box, nineteen inches in width and nine inches in height, which had been left there for half an hour and over which the plaintiff in said action fell, sustaining injuries. The court held the facts presented a case for the determination of the jury as to whether leaving the box in the passageway constituted a violation of defendant's duty to plaintiff. In *Williamson* v. *Hardy,* 47 Cal. App. 377, [190 Pac. 646], the court upheld a verdict in favor of the plaintiff upon evidence that she slipped and fell upon the floor of defendant's market through having stepped upon a piece of oiled paper made slippery by the adhesion to it of scraps of fresh meat, and, in deciding the case, said: "It was a question for the jury to determine whether or not the defendant was negligent in permitting such a substance to be lying upon the floor of his market

where customers were wont and were required to walk while making their purchases therein.'' **[2]** The testimony that plaintiff did not see or know of the existence of the boxes deposited in the aisle is uncontradicted, and the arrangement of the fruit and vegetable stand, upon the counters of which goods were displayed for sale, was such as to induce plaintiff, while looking over and inspecting the articles, to walk sideways. The jury might have properly concluded that in so obstructing the aisle defendant was guilty of the want of ordinary care and that, although plaintiff had she looked might have seen the boxes, she was, under the circumstances, justified in assuming the place one of safety, and hence her failure to observe the obstruction was not negligence on her part.

Respondent in opposition to the views herein expressed cites several authorities, in none of which, however, are the facts similar to those involved in the instant case. *Hart* v. *Grennell, supra,* was a case where plaintiff tripped over the handle of a truck which was in the rear of the store and as to which the court, in deciding the case, said: ''It was not exposed in the way of customers visiting the store, as there were no appearances which invited them into that part of the building. The plaintiff had no occasion to go there. . . . Under these circumstances, such an accident as happened was not within the reasonable apprehension of the defendants, . . . and did not expose their customers to hidden or unforeseen dangers.'' In *Davis* v. *California etc. R. Co.,* 105 Cal. 131, [38 Pac. 647], the defendant in constructing a street railway deposited a number of rails upon the sidewalk in front of plaintiff's residence, all of which were removed except one, which to plaintiff's knowledge had been lying across the sidewalk for some four weeks. Hearing a call of fire in the night-time, plaintiff ran out of the house, and, forgetting the position of the rail, fell over the same and sustained an injury. The court in deciding the case said the fact that the plaintiff forgot the presence of the rail was no excuse, as the circumstances surrounding the accident did not justify her forgetfulness and consequent want of care. Neither line of authority is applicable to the facts in the case at bar, for the reason that plaintiff's injury was sustained in a part of the store to which she was in-

vited, and, in the absence of warning, might reasonably expect to be free of open trap-doors, boxes, or other obstructions endangering her safety. And since she was ignorant of the fact that the boxes were deposited in the aisle, the accident could not be attributed to her forgetfulness.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.