[Civ. No. 7044. First Appellate District, Division Two.—May 9, 1930.]

HARVEY REA et al., Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants.

Dozier & Kimball for Appellants.

Vincent W. Hallinan for Respondents.

SPENCE, J.—The Southern Pacific Company and Charles F. Heath appeal from a judgment in favor of the respondents Harvey Rea and Elsie Rea, his wife, in the sum of $1500 awarded as damages arising out of injuries sustained by Mrs. Rea on the "Solano," a Southern Pacific ferry, while the train on which she was a passenger was being ferried across the Carquinez Straits.

It is contended that the evidence is insufficient to justify the verdict; that Mrs. Rea was guilty of contributory negligence as a matter of law, and that the verdict is

against law. We find no merit in these contentions. Mrs. Rea was a passenger in the car immediately ahead of the observation car. While on the boat going from Benicia to Port Costa she left the car and walked on the deck to a point in the rear of the observation car and there crossed the tracks to the right side of the boat. Later, upon recrossing these tracks she stepped into a pool of grease and oil on the far side of one of the rails and slipped and fell. These tracks were eight and seven-eighths inches above the surface of the deck. The pool of grease and oil was about a foot wide and two feet long. She did not notice this pool until after she fell. The evidence was conflicting as to whether the fall was caused by slipping in the pool of grease and oil or by tripping on the rail, but there was ample evidence to the effect that the accident was caused by slipping in the manner described. We find nothing inherently improbable in this testimony as claimed by appellants. Under the circumstances revealed by the evidence both the issues of negligence and of contributory negligence were properly submitted to the jury for their determination. (*Williamson* v. *Hardy,* 47 Cal. App. 377 [190 Pac. 646]; *Brinkworth* v. *Sam Seelig Co.,* 51 Cal. App. 668 [197 Pac. 427].)

It is further contended that the damages are excessive. The complaint prayed for damages in the sum of $10,661.35, it being claimed that Mrs. Rea had suffered damages in the sum of $10,000; that her husband had suffered damage in the sum of $500 by reason of the loss of services of his wife, and that both had suffered special damage in the sum of $166.35 for expenses incurred in the treatment of the injuries. At the time of the accident Mrs. Rea was pregnant, her child being born four months later. In the accident she suffered bruises and contusions about her body and particularly about the knees and elbow, a wrenching of the neck and a badly wrenched ankle, which continued to trouble her at the time of trial. Following the accident she was under the treatment of a physician and in bed most of the time for about seven weeks, thereafter limping and getting around with difficulty. For many years prior to the accident her normal weight was 145 pounds. Her weight increased by 85 pounds during the four months following the accident and at the time of trial she weighed 225 pounds. The attending physician was of the opinion that this abnormal increase in weight was due to injury

to the thyroid and pituitary glands. There was other evidence concerning the injuries and their resultant effect, but considering the foregoing testimony, it is at once apparent that we cannot say that a verdict of $1500 covering the damage to both plaintiffs was excessive.

During the trial of the case it was stipulated that the action be dismissed as to the defendant Charles F. Heath. The verdict was rendered "against defendants." The clerk thereupon entered a judgment upon the verdict against both the Southern Pacific Company, a corporation, and Charles F. Heath. The entry of a judgment against appellant Charles F. Heath following the dismissal was erroneous. Respondents did not claim upon the trial nor upon this appeal that they were entitled to a judgment against said appellant. The judgment against said appellant was entered by reason of the inadvertent use of the word "defendants" rather than "defendant" in the verdict of the jury.

The judgment against appellant Charles F. Heath is reversed and the judgment against appellant Southern Pacific Company, a corporation, is affirmed, respondents to recover their costs on appeal.

Sturtevant, J., and Nourse, P. J., concurred.