[Civ. No. 8786.  Second Appellate District, Division Two.—March 23, 1933.]

J. P. McCLURKEN, Respondent, v. RALPH'S GROCERY COMPANY (a Corporation), Appellant.

George P. Kinkle, John S. Hunt and Kidd, Schell & Delamer for Appellant.

Meserve, Mumper, Hughes & Robinson and Timon E. Owens for Respondent.

STEPHENS, J.—The plaintiff (respondent here) testified at the trial that he was shopping in defendant's grocery-store and while following a clerk who was carrying a sack of potatoes through the store "stepped on something very slick and slippery and slipped and fell violently to the floor." He also testified that he saw scraps of vegetables on the floor just where and as he fell and that the vegetable-stand was about ten feet from where he fell. A motion for nonsuit was made and granted and thereafter a new trial was granted. We are here considering the appeal upon the latter act.

■ The motion for nonsuit was made upon "the ground that there had been no showing made by the plaintiff of actionable negligence on the part of defendant". The motion for a new trial is sought to be sustained alone upon the contention that the granting of the nonsuit was against law. Applied to the facts of the case respondent (plaintiff below) thinks the plaintiff's testimony amounted to some substantial evidence of the defendant's negligence and that the question of negligence should have been submitted to the jury. The case of *Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646, 647], presents the same point upon the court's refusal to direct a verdict. The facts of the two cases have striking similarities. We quote from the opinion as follows: "Taking the plaintiff's positive testimony that she slipped and fell upon the floor of the defendant's market through having stepped upon a piece of oiled paper made slippery by the adhesion to it of scraps of fresh meat, it was a question for the jury to determine whether or not the defendant was negligent in permitting such a substance to be lying upon the floor of his market where customers were wont and were required to walk while making their purchases therein." A quotation from *Gullick* v. *Interstate Drilling Co.*, 111 Cal. App. 263 [295 Pac. 549, 551], is also pertinent: "The plaintiff was seventy-nine years of age and at times somewhat confused in his testimony, but when we apply the rule which should be made use of upon a motion for a nonsuit it becomes apparent that the judgment should be reversed. The rule alluded to is that 'where evidence is fairly susceptible of two constructions, or if one of several inferences may reasonably be made, the court must take the view most favorable to the plaintiffs'. (*Berger* v. *Lane*, 190 Cal. 443 [213 Pac. 45, 49].)'" It would seem, then, that the trial court was wrong in determining that the evidence of plaintiff was in fact no evidence of negligence and that it should not have granted the nonsuit. In these circumstances the court was acting well within its rights in granting the new trial.

Appellant lays great stress on the *Estate of Baird*, 198 Cal. 490 [246 Pac. 324], as supporting his case. We think it is in accord with and supports the respondent's case. The two are parallel in that nonsuits were had in both and new trials were ordered thereafter in both. The difference lies

in the fact that in the instant case the motion for nonsuit was made *and granted* at the conclusion of plaintiff's case, whereas in the cited case the motion for nonsuit was made at the conclusion of plaintiff's case *but granted after* defendant's testimony had been taken. Obviously in both cases a motion for nonsuit would be based upon the insufficiency of plaintiff's testimony, but in the cited case the trial court seems to have erroneously considered the defendant's testimony as affecting its ruling. Of course, the insufficiency of a defendant's evidence or the untrustworthiness of his witnesses could not help plaintiff to make his case against a motion for nonsuit. If respondent's reasoning is correct we should have to read the Baird case as holding that the trial court could not correct its error on motion for new trial where a nonsuit had been erroneously granted on the ground that the evidence was insufficient to make a case. The opinion in that case contains one sentence that, taken away from its context, would seem to support this viewpoint. The opinion read as a whole does not so hold.

The granting of the motion for nonsuit was against law and the trial court was right in granting a new trial.

Order affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.

A petition for rehearing of this cause was denied by the District Court of Appeal on April 18, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 22, 1933.

Curtis, J., and Thompson, J., dissented.