[Civ. No. 8889. First Appellate District, Division One.—July 10, 1934.]

ESTHER ROTHSCHILD, Respondent, v. FOURTH AND MARKET STREET REALTY COMPANY (a Corporation), Appellant.

W. G. McKeen and George M. Naus for Appellant.

Ford & Johnson for Respondent.

Thos. J. Straub and W. R. Dunn, as *Amici Curiae* on Behalf of Appellant.

THE COURT.—An appeal by defendant corporation from a judgment in favor of the plaintiff entered upon the verdict of a jury.

The defendant owned and operated a building in San Francisco. On August 21, 1929, plaintiff entered the building as an invitee to purchase merchandise. She alleged that while walking along one of the hallways she slipped and fell by reason of the negligence of the defendant.

The testimony shows that the hallway was covered with linoleum. Plaintiff testified that the same was polished and slippery and that at the place she fell water had collected. She noticed the water after the accident; but whether the

fall was due to this or the fact that the floor had been waxed is not clear from the testimony. Either inference might reasonably be drawn therefrom. She was corroborated by other witnesses as to the general condition of the linoleum. The floor was "like glass" according to one of them, who testified that she had often slipped thereon, but in each instance had saved herself from falling. Another testified that the wax used to polish the linoleum, which was applied frequently, caused this condition. While none of the witnesses had reported the facts to which they testified to the defendant it is clear that the slippery condition of the floor had continued for several months. No evidence was offered by the defendant.

█ Defendant was under an obligation to exercise ordinary care for the safety of invitees upon its premises (19 Cal. Jur., Negligence, sec. 55, p. 621) ; but it has been held that the mere fact that one slips and falls is insufficient to establish a *prima facie* case against a defendant. (*Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 Pac. 76] ; *Wegener* v. *Foster*, 120 Cal. 260 [8 Pac. (2d) 154] ; *Graham* v. *F. W. Woolworth Co.*, (Tex. Civ. App.) 277 S. W. 223 ; *Parker* v. *Great Atlantic & Pacific Tea Co.*, 201 N. C. 691 [161 S. E. 209] ; *Tenbrink* v. *F. W. Woolworth Co.*, (R. I.) 153 Atl. 245 ; *Chilberg* v. *Standard Furniture Co.*, 63 Wash. 414 [115 Pac. 837, 34 L. R. A. (N. S.) 1079] ; *Bowden* v. *S. H. Kress Co.*, 198 N. C. 559 [152 S. E. 625] ; *Spickernagle* v. *Woolworth Co.*, 236 Pa. 496 [84 Atl. 909, Ann. Cas. 1914A, 132].) █ However, the question whether the condition which caused the injury had existed so long as to be discoverable by the defendant within a reasonable time is one for the jury (*Bowden* v. *H. S. Kress Co., supra; Headington* v. *Central Building Co.*, 137 Kan. 350 [20 Pac. (2d) 816] ; *Robinson* v. *F. W. Woolworth Co.*, 80 Mont. 431 [261 Pac. 253] ; *Great Atlantic & Pacific Co.* v. *Weber*, 51 Fed. (2d) 1051 ; *De Velin* v. *Swanson*, (R. I.) 72 Atl. 388 ; *Brown* v. *Holzwasser*, 108 Cal. App. 483 [291 Pac. 661] ; *Rea* v. *Southern Pac. Co.*, 105 Cal. App. 559 [288 Pac. 151]) ; and where there is testimony as to the conditions previous to the accident by persons who had also slipped on the same floor such testimony is evidence tending to show notice to the defendant of the dangerous condition. (*Judson* v. *American Ry. Express Co.*, 242 Mass. 269 [136 N. E. 103] ;

*S. H. Kress & Co.* v. *Dyer,* (Tex. Civ. App.) 49 S. W. (2d) 986; *John Gerber Co.* v. *Smith,* 150 Tenn. 255 [263 S. W. 974].) ▮ While the accident may have been caused by water on the floor of which defendant had no knowledge, nevertheless the jury might reasonably have found from the evidence that the floor, due to the wax polish, was unsafe, and that this condition had existed for such a length of time that defendant must have known the fact. That different inferences as to the cause of the injury might be drawn from the evidence is no ground for holding that the conclusion of the jury is unsupported. (2 Cal. Jur., Appeal and Error, sec. 949, p. 934.)

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 9, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 6, 1934.