[Civ. No. 9600.   First Appellate District, Division One.—November 7, 1935.]

ALICE B. WINSBY, Respondent, v. EUNICE FAY KER-
TELL, Appellant.

L. R. Weinmann, Samuel H. Berry, Weinmann, Quayle &
Berry and George P. Tobin for Appellant.

D. W. Brobst for Respondent.

TYLER, P. J.—Action for damages for personal injuries.
Plaintiff, a woman some seventy-two years of age, visited
the flower shop of defendants located at the end of Piedmont
Avenue, adjacent to the entrance of Mountain View cemetery
in the city of Oakland, for the purpose of purchasing some
flowers.   While in the act of leaving the store she fell, frac-
turing her right arm and sustaining bruises about her body.
She brought an action against defendants and prayed for
general and special damages in the sum of $20,386.95 for
her injuries.   The cause was tried before the court without
a jury and judgment was entered in favor of plaintiff for the
sum of $3,386.95.

The court in substance found in relation to the negligence of defendants that on the twenty-third day of November, plaintiff entered said store for the purpose of purchasing certain cut flowers; that at said time and place the defendant Kertell operated said store under the firm name and style of Morse's Flower Shop; that said operator Kertell had carelessly and negligently permitted certain leaves which were damp with water to lie on the floor in the area necessary to be traversed by plaintiff in leaving; that defendant Kertell had knowledge of the fact that the damp leaves were present on the floor prior to the happening of the accident, and that plaintiff had no knowledge thereof; that while plaintiff was in the act of walking across the floor for the purpose of leaving the store one of her feet came in contact with the damp leaves which had caused the floor to become slippery and dangerous, and as a direct result thereof she fell violently, which fall was proximately caused by the negligence and carelessness of the defendant Kertell who was transacting business under the firm name of Morse's Flower Shop in permitting said floor to be slippery and dangerous by the presence of wet leaves.

It is the claim of appellant that the findings are unsupported. There is no merit in the contention. Defendant was under an obligation to exercise ordinary care for the safety of invitees upon her premises. (*Rothschild* v. *Fourth & Market St. R. Co.*, 139 Cal. App. 625 [34 Pac. (2d) 734].) Plaintiff testified positively that she slipped and fell to the floor because of the presence of wet leaves. It then became a question for the court to determine whether or not the defendant was negligent in permitting the leaves to be lying on the floor where customers were wont and were required to walk while making purchases. (*Williamson* v. *Hardy,* 47 Cal. App. 377 [190 Pac. 646].) There was testimony that defendant Kertell had knowledge of the presence of the leaves and that she had told one of her employees to clean up the same and he had failed to do so. Whether or not defendant had knowledge of the condition for a sufficient time to remedy it was a question of fact for the trial judge. (*Rothschild* v. *Fourth & Market St. R. Co., supra.*) Appellant relies upon the principle declared in *Mautino* v. *Sutter Hospital Assn.,* 211 Cal. 556 [296 Pac. 76], to the effect that where a plaintiff has full knowledge of the condition of the floor at the time

of the accident it is negligence on her part to continue in the use thereof. Here there was evidence to show that the plaintiff prior to her injury had no such knowledge.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred. .

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 7, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1936.