[Civ. No. 11032.   Second Appellate District, Division Two.—September 8, 1936.]

DOROTHY DE VERDI et al., Appellants, v. HARRY WEISS, Respondent.

Ralph D. Paonessa and Alexander L. Oster for Appellants.

George L. Greer and Horace W. Danforth for Respondent.

WOOD, J.—Plaintiffs commenced this action to recover compensation for personal injuries suffered by Mrs. De Verdi on June 18, 1935, when she slipped and fell in the Weiss Cafe operated by defendant Harry Weiss. When both parties had rested, the court upon motion of defendant instructed the jury to return a verdict for defendant. Plaintiffs appeal from the judgment entered upon the return of the verdict.

In passing upon the power of the trial court to grant a motion for an instructed verdict we must consider the evidence in the light most favorable to plaintiffs. The action of the trial court will be upheld "only when, disregarding conflicting evidence and giving to plaintiff's evidence all value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such a verdict was given". (*Newson* v. *Hawley,* 205 Cal. 188 [270 Pac. 364].) In accordance with this rule the record discloses the following facts: Mrs. De Verdi went to defendant's cafe for luncheon with a number of ladies who were members of the Sunshine Club. She descended several steps to the rest room. When she descended, the premises about the steps were lighted. After about five minutes she left the rest room, entering upon a small corridor and then turning to the right to ascend the steps. At that time the premises were dark. Mrs. De Verdi testified: "Q. Now, as you proceeded up the steps, when was the first time that you observed something there that was slippery, or some substance of some kind? A. After I went on—the first, or second, or third step—then I saw a man standing up above there washing the floor with a mop. Q. Washing toward the top step? A. Yes. Q. Was that the first time you observed anything there? A. Well, as I went up, I slipped and fell down. Q. You slipped and fell down? A. Yes, sir. Q. Did you learn what you slipped on? A. It was very slippery, and when I fell down, I

noticed that it was wet. I was wet all over, and on my right side, and I sat in soap and water. Q. You noticed your clothes full of soap and water? A. Yes, sir. Q. Did you then look at the floor and steps? A. Yes, I did. Q. Did you see anything? A. Yes; it was soap and water there. Q. Soap and water was all over the place? A. All over, yes, sir . . . Q. In other words, it was light when you went in and dark when you came out? A. Yes, sir. Q. Did you observe the steps when you came out? A. You have to go straight ahead— Q. Did you see the steps when you came out? A. No. Q. You didn't see the steps at all? A. No. Q. You didn't see the man? A. No, not the man there. Q. You didn't see anything when you came out, when you fell? Is that right? A. You have to go to the right to go up the steps, no. And then I saw the man up above, washing the floor.''

Mrs. De Verdi was an invitee and was lawfully using defendant's premises. It was the duty of defendant to exercise ordinary care and prudence to keep the passageway in a reasonably safe condition. (*Brinkworth* v. *Sam Seelig Co.*, 51 Cal. App. 668 [197 Pac. 427]; *McClurken* v. *Ralph's Grocery Co.*, 130 Cal. App. 529 [20 Pac. (2d) 66]; *Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646].) Mrs. De Verdi had the right to assume that defendant would comply with this duty. The question whether defendant complied with this duty and the question of the alleged contributory negligence of Mrs. De Verdi were for the determination of the jury. It is a matter of common knowledge that stairs can be mopped without endangering the safety of those having occasion to use them. It cannot be successfully argued that Mrs. De Verdi was guilty of contributory negligence as a matter of law in failing to remain in the darkened corridor under the circumstances shown. A verdict in favor of plaintiffs would not have been without substantial support in the evidence.

The judgment is reversed.

Gould, J., *pro tem.*, and Crail, P. J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 2, 1936.