[Civ. No. 10211.   First Appellate District, Division One.—March 29, 1937.]

MARGARET J. WALSH et al., Respondents, v. MAURICE MERCANTILE COMPANY (a Corporation), Appellant.

Charles B. Morris and Leo J. McEnerney for Appellant.

Faulkner & O'Connor for Respondents.

THE COURT.—Defendant Maurice Mercantile Co. maintains a store which has a number of departments on the main floor, and several in the basement, including a shoe department. From the main store a stairway, consisting of nine steps, extended down to the basement. The stairway was divided by a bannister; there was also a bannister on each side, the distance between these and the center bannister being about eight feet. The lower bannister post on the right-hand side was on the second step from the basement floor, and that of the center bannister was on the third. The width of the bottom step was $13\frac{1}{2}$ inches, and the next above $13\frac{1}{4}$ inches. At the bottom of the stairway an aisle 49 inches wide measured from the bottom step was formed by merchandise tables which extended at a right angle to the direction of the stairway. To the right of the ends of the two bottom steps defendant maintained a weighing scale. It was usually placed with its base against these ends, and its back against the end of a merchandise table. This table extended back parallel with a stairway, and the end against which the scale was placed was nearly on a line with the lower right-hand bannister post. The scale was four feet high; the dimensions of its base were $20\frac{1}{4}$ inches by $11\frac{5}{8}$ inches, and its platform was $5\frac{1}{2}$ inches above the floor.

On April 14, 1934, plaintiff Margaret J. Walsh, who had entered the store to purchase shoes, descended the stairway on the right-hand side. She reached the basement and turned to the right toward the shoe department. She testified that as she reached the lower floor she was looking at the shoes, which were displayed on the tables and walls of the store. After she had taken two or three steps to her right she tripped and fell over the scale. According to the testimony, the scale was out of its usual position, its base being from five to six inches within the aisle. She suffered physical injuries, for which she and her husband were awarded damages.

Defendant has appealed from the judgment; and it is urged that the evidence was insufficient to support the con-

clusion that defendant was negligent and shows the plaintiff to have been guilty of contributory negligence; further, that certain of the trial court's instructions to the jury were prejudicially erroneous.

■ Under the rule declared in the following cases, the evidence was, we think, sufficient to go to the jury on the question whether the defendant used ordinary care to maintain the aisle in a reasonably safe condition, and fairly supports the verdict on this issue: *Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646]; *Brinkworth* v. *Sam Seelig Co.*, 51 Cal. App. 668 [197 Pac. 427]; *Oles* v. *Kahn Bros.*, 81 Cal. App. 76 [253 Pac. 158]; *Moffitt* v. *Ford Motor Co.*, 135 Cal. App. 7 [26 Pac. (2d) 661]; *Touhy* v. *Owl Drug Co.*, 6 Cal. App. (2d) 64 [44 Pac. (2d) 405].

■ As grounds for the contention that the jury was erroneously charged to the prejudice of the defendant, reliance is placed on two instructions, which it is claimed had the effect of removing from their consideration the question whether the defendant did or did not use ordinary care to keep the premises in a reasonably safe condition. The instructions complained of read as follows:

"If you believe from the evidence that plaintiff, Margaret J. Walsh, was in an aisle or passageway in said store so owned, operated and controlled by the defendant, Maurice Mercantile Co., and that in and through said aisle or passageway, by reason of its location and arrangement, she in making her purchases was induced to go, and that there was present a scale in said aisle or passageway, and if you believe that thereby said aisle or passageway was not in a reasonably safe condition so as to not unnecessarily expose her to danger or accident, and if you find she was injured thereby, then I charge you that your verdict shall be in favor of the plaintiffs and against the Maurice Mercantile Company, provided said Margaret J. Walsh was free from fault or negligence contributing to her accident.

"I charge you that if you believe from the evidence in this case that plaintiff, Margaret J. Walsh, was in the store operated by defendant on or about April 14th, 1934, and while in said store and while proceeding along an aisle or passageway, one necessarily used by a customer in making purchases at said store,—stumbled, tripped and fell over a weighing scale placed in said aisle and passageway, and

if you find it caused said aisle and passageway no longer to be in a reasonably safe condition so as not to unnecessarily expose the customer to danger or accident, and if you further find that plaintiff, Margaret J. Walsh, was herself free from fault or any negligence contributing to her injury, then I charge you that your verdict should be in favor of plaintiffs and against Maurice Mercantile Company.''

As held in *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 Pac. 76], an owner is not an insurer of the safety of invitees, his duty being to use ordinary care to keep his premises in a reasonably safe condition. (See, also, *Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793].) The element of ordinary care in this respect was omitted from the first of these instructions, and the second was erroneous for the same reason. While it is not easy to reconcile the decisions on the question of an erroneous formula instruction, and it has been held in several cases that such error justifies a reversal, nevertheless, where the jury has been elsewhere clearly instructed regarding the matter omitted, it appears to be the view that this error alone will not be sufficient to have that effect (*De La Torre* v. *Johnson*, 203 Cal. 374, 377 [264 Pac. 485]; *Barham* v. *Widing*, 210 Cal. 206 [291 Pac. 173]; *Hoffman* v. *Southern Pac. Co.*, 213 Cal. 454, 460 [11 Pac. (2d) 387]; *Reuter* v. *Hill*, 136 Cal. App. 67 [28 Pac. (2d) 390]). Here the omission was covered in several instructions by which the jury was told that an owner was only required to exercise ordinary care in maintaining his premises in a reasonably safe condition; and in addition they were cautioned not to heed a single instruction or a portion of an instruction alone, but to consider all the instructions in determining any issue in the case. As was said in *Barham* v. *Widing, supra,* where the court was considering a similar omission, ''When the fact is considered, however, that the entire charge given was exhaustive and covered the subject thoroughly and completely, it is inconceivable that any jury could have been misled by the mere omission of these one or two words in said instruction.''

From the point where plaintiff turned on reaching the basement to the scale was from two to three steps. It is claimed that her failure to observe the obstruction constituted negligence on her part. As stated, her attention was partially directed towards the displays of merchandise. The

facts in this respect are similar to those in *Brinkworth* v. *Sam Seelig Co., supra.* There it was held that failure to observe an obstruction was not necessarily negligence, but the question was one for the jury. Conceding that if plaintiff had looked she might have seen the scale, nevertheless, in the circumstances she was reasonably justified in assuming that the aisle was unobstructed, and her failure to see it was not necessarily negligence. Different inferences might be drawn from the evidence. As held in the following cases, the question was one for the jury: *Gornstein* v. *Priver,* 64 Cal. App. 249 [221 Pac. 396] ; *Madigan* v. *Hale & Co.,* 90 Cal. App. 191 [265 Pac. 574] ; *Hodge* v. *Weinstock, Lubin & Co.,* 109 Cal. App. 393 [293 Pac. 80].

The evidence as a whole fairly supports the verdict, and no error has been shown which would warrant the reversal of the judgment.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1937.