[Civ. No. 2473. Fourth Appellate District.—November 14, 1940.]

ELIZABETH C. MOORE et al., Respondents, v. HARRY S. MARSHALL et al., Defendants; ZELMA POTTER MARSHALL, Appellant.

Chas. E. R. Fulcher, Syril S. Tipton and John J. Ford for Appellant.

Eugene Best and Mary C. McFarland for Respondents.

MARKS, J.—Plaintiffs are husband and wife. They brought this action against defendants to recover damages

for injuries suffered by Mrs. Moore when she fell while descending a flight of stairs leading from the second floor of a building owned by Mrs. Marshall. As Mrs. Marshall was the sole owner of the building, judgment was rendered against her alone and this appeal followed.

The accident happened just before noon on June 9, 1937, in Indio, in Riverside County. It is admitted that Mrs. Moore was an invitee in the building.

The building in question was built in 1935. It is two stories in height and faces north. A single stairway leads from the ground floor to the second floor. The stairs are constructed of clay-burned tile, dark maroon in color. Thirteen steps lead from the ground floor to a landing from which the second floor is reached by thirteen additional steps. The landing is several feet above the top of the ground floor entrance to the stairway. The only light in the stairway, during the daytime, comes from the ground floor entrance and that diffused through glass doors of offices opening into the hallway at the top of the stairs. There was an electric light in the ceiling over the stairs but this was never illuminated during daylight hours.

During May of 1937 a cooling system was installed in the building. To make this system more effective double swinging doors were installed on the landing. The lower eighteen inches of these doors were constructed of wood. Above the wood were frosted glass panels. There is ample evidence in the record to the effect that the landing and step immediately above it were darkened by the shadow cast by the solid eighteen inches at the lower portions of the doors. This evidence supports the finding to the effect that the stairway was dark and unlighted and the landing was hidden by the doors.

On the morning of the accident Mrs. Moore had consulted her dentist who had offices on the second floor of the building. When her visit was concluded she started down the stairs. She testified that she carefully observed her progress; that when she reached the step immediately above the landing she thought she had reached the landing and stepped out as though she were on the level; that the heel of her shoe caught on the outer edge of the step; that she fell onto the landing and suffered serious injuries.

Mrs. Marshall, in her opening brief, argues the insufficiency of the evidence to support the findings and judgment in the following particulars: (1) That she had no superior knowl-

edge of the dangerous condition of the stairway over that of Mrs. Moore; (2) That Mrs. Moore was guilty of contributory negligence as a matter of law in not taking reasonable precautions for her own safety while descending the stairway which was shadowed and darkened; (3) That she was guilty of contributory negligence as a matter of law in failing to make use of the hand rail which was provided for the safety of those persons using the stairway.

The first ground for reversal which we have stated raises the question, among others, of the negligence of appellant. Argument and citation of authorities appear in her opening brief on this question. In her closing brief we find the following: ''We are not here contending that the evidence is insufficient to establish negligence on the part of this appellant, so the question of upon what basis that negligence was determined, is wholly immaterial. Our contention is (and we thought we had made it plain in our opening brief), that the respondent, Mrs. Moore, was guilty of contributory negligence as a matter of law.''

This concession removes the question of the negligence of appellant from consideration here. We believe this concession is made necessary by the record. There is evidence that the dangerous condition in the stairway was caused by doors installed by appellant; that these doors cast a shadow on a landing half way down the stairs; that this shadow obscured the landing and the step above it; that this caused Mrs. Moore to stumble and fall. ■ When a dangerous condition in a building is created by a permanent improvement installed by the owner she should not be permitted to maintain that she had no knowledge of that condition.

■ Appellant argues that Mrs. Moore had passed up and down the stairs many times; that she knew or should have known of their condition and their lighting; that possessing this knowledge she should have taken precautions for her own safety commensurate with the dangers confronting her; that had she done so she would not have mistakenly assumed that she had reached the landing when she was on the step above it; that this failure to take this precaution made her guilty of contributory negligence as a matter of law.

This argument omits consideration of one important fact that is established by the evidence. The doors on the landing were installed about May 26 or 27, 1937. Mrs. Moore had only visited the second floor of the building once (on June

4, 1937) between the time the doors were installed and the day she fell. It is true that she testified she thought the conditions of lighting the stairs were about the same on both occasions. There is no evidence demonstrating as a matter of law that on her use of the stairs on June 4th she realized that the shadow cast by the solid portions of the doors created a dangerous condition that would have to be guarded against by a person descending the stairway. This shadow created the dangerous condition which was the cause of the accident. That she had descended the stairs on one occasion after the doors were installed is not sufficient to establish as a matter of law that she knew or should have known of such condition. Whether she knew or should have known of the danger caused by the shadow cast on the step and landing and whether she took reasonably prudent precautions for her safety while descending the stairs was a question of fact for the trial court, and not one of law, to be decided here. (*De Verdi* v. *Weiss*, 16 Cal. App. (2d) 439 [60 Pac. (2d) 879].)

Appellant also argues that Mrs. Moore was guilty of contributory negligence as a matter of law because she failed to hold onto the hand rail which was provided for her assistance in descending the stairs. It should be observed that this hand rail did not extend across the landing but ended directly above the edge of the first step above the landing. The question of whether, in the exercise of due caution, Mrs. Moore should have held onto this rail and, whether, if she had done so, her fall might have been prevented, are questions of fact and not of law.

As the trial court found that Mrs. Moore was not guilty of contributory negligence in descending the stairs, and as the evidence, or the reasonable inferences to be drawn from that evidence, support that finding, it is final and conclusive and cannot be disturbed here.

Appellant complains of the ruling of the trial court in sustaining plaintiff's objection to the following question which was put to one of appellant's witnesses: "During the time that you were in the building prior to the date of the accident, did you ever have any knowledge of anybody else falling on those stairs?"

We find no error in this ruling. (See, *Sheehan* v. *Hammond*, 2 Cal. App. 371 [84 Pac. 340] ; *Carty* v. *Boeseke-Dawe Co.*, 2 Cal. App. 646 [84 Pac. 267].) A number of appel-

lant's witnesses were permitted to testify that they had successfully traversed the stairs many times. If the excluded evidence had been admitted it would have been merely cumulative.

■ Appellant sought to introduce evidence showing that in 1927, 1932 and in 1935, Mrs. Moore "lost her footing and by virtue thereof had a fall and received some injury". The trial court properly sustained objections to this proffered evidence.

■ Appellant has attempted to appeal from the order denying her motion for new trial. Such an order is not appealable. (Sec. 963, Code Civ. Proc.)

The judgment is affirmed. The attempted appeal from the order is dismissed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1940.