[Civ. No. 13164.   Second Dist., Div. Three.   Mar. 20, 1942.]

ORAZIO NICOLA et al., Respondents v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), et al., Appellants.

Thos. J. Straub, W. H. Spaulding and John J. Briare for Appellants.

Nelson & Castro for Respondents.

SHINN, J.—Plaintiff Teresina Nicola slipped and fell on the floor of defendants' ground floor office which she had visited on September 8, 1939, as an invitee seeking information regarding certain electrical appliances in her home, for which defendants were furnishing electric power. Her husband joined with her in an action for damages, in which it was alleged and the court found that the floor of the office room was negligently maintained by defendants in a slippery and unsafe condition, of which defendants had notice and knowledge. The court found that plaintiff was not guilty of contributory negligence. Upon the appeal defendants challenge the sufficiency of the evidence to support the finding of negligence.

There was substantial evidence given at the trial to support the finding that the floor was slippery and that defendants had knowledge of it. The room in question was a large one with doors opening from the street. The floor of this room, including some sixteen or eighteen feet of space between the entry door and the quarters behind which defendants' employees worked, was covered with a composition material known as "asrock." This floor had been laid shortly prior to January 1, 1938, on which date defendants moved into the quarters. Upon its completion it was waxed but before occupying the room defendants required the contractor to remove the wax. Two women, witnesses for plaintiffs, testified that they slipped on the floor in January, 1938. One of them testified that she slipped about half way between the door and the counter; that the floor was shiny and appeared to be very slippery; that she visited the office once each month thereafter and that the floor on each occasion appeared to be the same except during the time when defendants had rubber mats on the floor. Another witness testified that she had visited the office regularly from the time it was opened until the end of 1939; that the floor was very slippery and very difficult to stand or walk on; that on each occasion when she visited the office she found the floor in a slippery condition. Defendants had knowledge that two people had fallen on the floor in January, 1938, and their district manager told the agent of the building that at times they would have trouble with the slippery floor inside the entrance door. Thereafter the floor was waxed from time to time, how frequently does not appear, the portions between the counter and the front windows receiving one-half gallon of wax di-

luted with water, and between waxings it was mopped with warm soap suds and every day it was "mopped up." It does not appear when, with reference to Mrs. Nicola's accident, warm suds and water had been used on the floor. While appellants' janitor testified that he had not used wax on the floor within six weeks before the accident, there was other evidence from which it could have been inferred that the slippery condition of the floor on the day of the accident was due to wax or perhaps soap that had been used on it. It was also in evidence that defendants' janitor had been cautioned a number of times by his superiors not to allow the floor to become slippery. The evidence was that the wax was not polished after being applied. A few days before plaintiff fell on the floor another woman had slipped and fallen. She testified that the floor was slippery and appeared as if it had been highly polished. This witness had fallen between the door and the cashier's window and testified that her feet slipped out from under her, that the floor was very slick. Another witness slipped on the floor on the day plaintiff fell and while plaintiff was still in the office. She likewise testified to the slippery condition of the floor, which she examined after she had slipped. Plaintiff on the day of the accident, on her first visit to the office, had traveled but a few feet inside the door when her right foot slipped and she fell heavily to the floor. She, also, testified that the floor was shiny and slippery. There was no evidence that any of these witnesses slipped or fell because of any foreign substance on the floor such as water, oil or grease or because of anything that was on their shoes or that at the respective times when they slipped or fell the floor was in other than its usual condition, although one witness testified that at the time she fell the floor appeared to have been recently polished.

Opposed to this evidence was the testimony of defendants' employees that the floor was not slippery and the testimony of many witnesses that they visited defendants' office on the day of plaintiff's accident and did not slip or fall or observe any slippery condition of the floor. Much of appellants' argument is devoted to a discussion of the weight of the evidence such as properly would have been and no doubt was addressed to the trial court. It is unavailing insofar as it is addressed to the finding that the floor was slippery, as this finding is supported by the evidence noted. It is not contended that appellants were without knowledge of the condition of the floor at all times.

■ Appellants' argument goes further to assail the finding that the floor was maintained by defendants in a negligent manner, and they rely upon a rule, which has been followed by some courts in other jurisdictions, that the duty of an owner to exercise ordinary care is not violated by merely oiling or waxing and polishing a floor in the usual way although the floor is rendered slippery thereby. (*Bonawitt* v. *Sisters of Charity of St. Vincent's Hospital* (1932), 43 Ohio App. 347 [182 N. E. 661]; *Smith* v. *Union & New Haven Trust Co.* (1936), 121 Conn. 369 [185 Atl. 81].) This is contrary to the settled law as announced by our own courts.

In *Rothschild* v. *Fourth & Market St. R. Co.* (1934), 139 Cal. App. 625, 628 [34 Pac. (2d) 734], it was held that evidence that a floor of a hallway maintained by the owner of a building for use by invitees of tenants of the building had been rendered slippery by the application of wax was sufficient to support a finding of negligence. This decision was in accord with those in *Williamson* v. *Hardy* (1920), 47 Cal. App. 377 [190 Pac. 646]; *Lamb* v. *Purity Stores, Inc.* (1932), 119 Cal. App. 690 [7 Pac. (2d) 197]; *Brinkworth* v. *Sam Seelig Co.* (1921), 51 Cal. App. 668 [197 Pac. 427]; and *Brown* v. *Holzwasser, Inc.* (1930), 108 Cal. App. 483 [291 Pac. 661]. It has been followed in principle in *Winsby* v. *Kertell* (1935), 10 Cal. App. (2d) 61 [50 Pac. (2d) 1075]; *De Verdi* v. *Weiss* (1936), 16 Cal. App. (2d) 439 [60 Pac. (2d) 879]; *Tuttle* v. *Crawford* (1936), 8 Cal. (2d) 126 [63 Pac. (2d) 1128], and *Stoddard* v. *Roberts Public Markets, Inc.* (1938), 27 Cal. App. (2d) 166 [80 Pac. (2d) 519]. The right of a proprietor of a place of business to wax a floor which the customers are expected to use is not one which upon any reasonable theory can be held to be superior to his duty to use ordinary prudence and caution to avoid injury to those who come to his premises by invitation. If wax or, as in the present case, both wax and soft soap, are applied to the floor, it must be in such manner as to afford reasonably safe conditions for the proprietor's invitees, and if such compounds cannot be used on a particular type of floor material without violation of the duty to exercise ordinary care for the safety of invitees, by reason of the dangerous conditions they create, they should not be used at all. ■ Of course slipperiness is an elastic term. From the fact that a floor is slippery it does not necessarily result that it is dangerous to walk upon. It is the degree of slipperiness that determines whether the condition

is reasonably safe. This is a question of fact. The trial judge could well have believed from the evidence that the surface of the floor was sufficiently hard and smooth to become unsafe with the application of wax or soft soap and water as they were used by appellants. In fact, if full credence was given to the testimony of plaintiff and her witnesses, and if it was believed that they had slipped and in some instances had fallen while walking across the floor in a careful manner, the trial judge could scarcely have believed that the floor was maintained in a wholly safe condition. And if the condition was as described by these witnesses, it was for the trial judge to determine, as a fact, whether the condition was one which afforded reasonable safety to defendants' patrons or, in other words, whether defendants had exercised ordinary care with respect to the condition of the floor. Perhaps it would have been an entirely justifiable conclusion that the floor, although slippery, was reasonably safe for public use or that defendants used ordinary care with respect to its condition, but those questions of fact have been decided to the contrary upon substantial evidence, and we could not, even if we were so inclined, substitute our judgment for that of the trial judge. (See cases cited above.)

After the argument appellants, without leave of court, presented a supplemental brief which subsequently was allowed to be filed and respondents were given time to reply. In this brief appellants for the first time raised the point that plaintiff and one of her witnesses were erroneously allowed to state their opinions as to the condition of the floor. The circumstances called for an application under rule I, section 5, for permission to file the supplemental brief. Nevertheless we have considered the point and find it to be devoid of merit. The trial judge on several occasions struck out statements of conclusions and exhibited no little interest in confining the testimony to matters of fact.

The judgment is affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied April 16, 1942, and appellants' petition for a hearing by the Supreme Court was denied May 18, 1942.