[Civ. No. 16845. Second Dist. Div. One. May 16, 1949.]

FREDA GIRVETZ, Appellant, v. THE BOYS' MARKET, INC. (a Corporation), Respondent.

George C. Bliss for Appellant.

Cushman & Wetherbee and Robert A. Cushman for Respondent.

WHITE, P. J.—This is an appeal from a judgment for defendant, The Boys' Market, Incorporated, entered notwithstanding the verdict of a jury in favor of plaintiff. Plaintiff sought to recover for injuries sustained when she slipped on a banana or banana peel while shopping in the market operated by defendant. Judgment notwithstanding the verdict was granted on the theory that there was no substantial evidence to support a finding that the defendant was negligent.

Plaintiff had left the vegetable department located at the front of defendant's store and had passed through one of the vegetable department check stands on her way to the grocery department located at the rear of the store. She fell in an area, described as an aisle, between the vegetable check stands and the grocery department, which was flanked on one side by the liquor department and on the other by the candy department. The location of her fall, therefore, was such as to afford no ground for an inference that the dangerous condition was created by the defendant proprietor, it being as reasonable to infer that the banana was dropped by a customer after leaving the vegetable check stand as to infer that it got there in any other manner.

The only evidence as to how long the dangerous condition had existed prior to plaintiff's fall was the testimony of a customer that she saw the banana on the floor "a good minute and a half" before the happening of the accident.

On behalf of the defendant, the store manager testified that there was a janitor on duty at all times who was instructed to sweep the floors; that there was a "box boy" who was instructed to keep the place swept between the check stands and the candy department; that there was at all times a porter on duty whose primary duty was to sweep the floor, and also a boy designated to sweep whenever he saw the necessity there-

for; that employees in each department were required to keep their immediate vicinity "as clean as possible." Other facts surrounding the accident are that the store was fully lighted; that the floor was of concrete, colored green; that there were five cashiers or checkers on duty at the vegetable check stands; that plaintiff after her fall was found by the manager approximately 5 feet from the nearest checker.

The defendant market owner was not an insurer of the safety of his patrons, but owed them the duty to exercise reasonable care in keeping the premises safe for his invitees. (*Louie* v. *Hagstrom's Food Stores,* 81 Cal.App.2d 601, 606 [184 P.2d 708]; *Tuttle* v. *Crawford,* 8 Cal.2d 126 [63 P.2d 1128]; *Owen* v. *Beauchamp,* 66 Cal.App.2d 750 [152 P.2d 756]; *McKellar* v. *Pendergast,* 68 Cal.App.2d 485 [156 P.2d 950].)

To impose liability for injuries suffered by an invitee due to the defective condition of the premises, the owner or occupier "must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises. His negligence in such cases is founded upon his failure to exercise ordinary care in remedying the defect after he has discovered it." (*Louie* v. *Hagstrom's Food Stores, supra,* p. 606; *Hatfield* v. *Levy Brothers,* 18 Cal.2d 798, 806 [117 P.2d 841].) Whether, under all the circumstances, the defective condition had existed long enough so that a reasonable man exercising reasonable care would have discovered it, is ordinarily a question of fact to be decided by the jury. (*Louie* v. *Hagstrom's Food Stores, supra,* p. 607; *Rothschild* v. *Fourth & Market St. R. Co.,* 139 Cal.App. 625, 627 [34 P.2d 734]; *Tuttle* v. *Crawford, supra,* p. 130; *Hatfield* v. *Levy Brothers, supra,* p. 807.)

The fact alone that a dangerous condition existed at the time the accident occurred will not warrant an inference that the defendant was negligent. There must be some evidence, direct or circumstantial, to support the conclusion that the condition had existed long enough for the proprietor, in the exercise of reasonable care, to have discovered and remedied it. (*Louie* v. *Hagstrom's Food Stores, supra,* p. 607; *Owen* v. *Beauchamp, supra,* p. 754; *McKellar* v. *Pendergast, supra,* p. 489.)

This being the state of the law, the determination of this appeal is narrowed to the question of whether there is any evidence, direct or circumstantial, from which it could be

inferred that the dangerous or defective condition, that is, the presence of the banana on the floor of the aisle, had existed for a sufficient length of time to justify charging the proprietor with knowledge of its existence and consequently with negligence in failing to remedy the condition.

Appellant contends that in the circumstances presented it was a question of fact for the jury whether defendant was negligent in permitting the banana to be lying on the floor where customers were required to walk. It is pointed out that a person operating a vegetable market, in the exercise of ordinary care, should maintain a more vigilant outlook than the operator of some other type of business where the danger of things falling on the floor is not so obvious. Quoting from *Tuttle* v. *Crawford,* 8 Cal.2d 126, 130 [63 P.2d 1128], where the court held that "[t]he fact that the attention of persons who visit public markets is attracted by the display of the wares offered for sale and more or less absorbed by the transactions which they have in mind would seem to increase the necessity of exercising care to the end that the floor spaces and aisles allotted to the use of customers should be made safe and kept fit for such purpose," appellant contends that because the only evidence of due care offered by defendant was the testimony of the manager as to the duties of the porters, box boys and clerks to sweep and keep the aisles clear, the jury would be justified in drawing an inference unfavorable to defendant for failure on the part of any employee charged with such duty to testify. This argument is unsound, since the burden rested upon the plaintiff to present evidence warranting an inference of negligence before any unfavorable inference could be drawn from the failure of the defendant to present evidence in rebuttal.

In support of the contention that although the evidence showed only that the banana had been on the floor for a minute and a half, the question of constructive knowledge was one of fact for the jury, appellant cites *Tuttle* v. *Crawford, supra; Hamilton* v. *Pacific Electric Ry. Co.,* 12 Cal.2d 598 [86 P.2d 829]; *Williamson* v. *Hardy,* 47 Cal.App. 377 [190 P. 646]; *McClurken* v. *Ralphs Grocery,* 130 Cal.App. 529 [20 P.2d 66]; *Clampett* v. *Shopping Bag Mkt., Inc.,* 29 Cal. App.2d 410 [84 P.2d 543]; and *Louie* v. *Hagstrom's Food Stores, supra. Tuttle* v. *Crawford* and *Clampett* v. *Shopping Bag Mkt., Inc.,* involved wet floors which could have been attributed to no other agency than the proprietor. In *Williamson* v. *Hardy* and *McClurken* v. *Ralph's Grocery* the question

of the lapse of time apparently was not raised or considered. *Louie* v. *Hagstrom's Food Stores,* hereinbefore referred to, does not support appellant's position. To the contrary, the decision turned on the point that there was sufficient circumstantial evidence to justify an inference that the dangerous condition (a broken jar of syrup on the floor) had existed for "a substantial period of time." So also, in *Hamilton* v. *Pacific Electric Ry. Co.,* there was evidence from which it could be inferred that the defendant had not inspected its waiting room for a period of 20 to 30 minutes. In general, all the authorities cited by appellant are distinguishable, in that they involve either conditions created by the proprietor or circumstances from which it could be inferred that the condition had existed for an appreciable length of time, thus presenting a question for the jury.

Viewing the case, as we must, in the light most favorable to plaintiff, it appears that her fall was the result of a dangerous condition existing on the floor of defendant's market, with approximately 15 employees within a radius of 15 feet from the scene of the accident, but that the circumstances are such as to afford no basis for an inference that the condition was created by the proprietor or his employees. The question is whether, in the circumstances, it can be inferred that the dangerous condition had existed for such a length of time as to justify charging the defendant with lack of ordinary care in failing to discover and remedy it before the plaintiff was injured. As stated in *Louie* v. *Hagstrom's Food Stores, supra,* at page 608, the exact time the condition must exist before it should, in the exercise of reasonable care, have been discovered and remedied, cannot be fixed, but varies according to the circumstances. It may be conceded that ordinary care in the case of a public market involves a more vigilant outlook than in the case of an apartment house lobby. It might also be conceded that the presence of a condition such as was shown in the circumstances of this case for as long as 10 or 15 minutes would in all probability be held to justify submitting the cause to the jury. But where the only evidence is that the foreign object has been on the floor of the market for "a minute and a half," it must be held that it is insufficient to support an inference that the defendant proprietor failed to exercise the care required of him.

It is, of course, entirely possible that the banana had been on the floor for a half hour or more, but to uphold a verdict based on that possibility would be to fix liability not upon

evidence, but upon surmise and conjecture. The same possibility would exist were there no evidence at all as to the length of time the condition had continued. Obviously, the exact time that a dangerous condition must exist in order to charge the proprietor cannot be stated as a matter of law. It can only be held that, in the circumstances of the case now before the court, one and one-half minutes is too short a period. True, there were many employees in the immediate vicinity of where the plaintiff fell. If their duty required that they perceive the presence of the object on the floor within a minute and a half after it fell there, then their duty was not that of "ordinary," but of "utmost" care. The conclusion is inescapable that the evidence cannot, as a matter of law, be held sufficient without, in effect, applying the doctrine of res ipsa loquitur and casting upon the market proprietor a burden which, in the present state of the law, he is not required to assume.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied June 2, 1949, and appellant's petition for a hearing by the Supreme Court was denied July 14, 1949. Carter, J., voted for a hearing.