[Civ. No. 18107.   Second Dist., Div. One.   Aug. 7, 1951.]

PAULA L. LYONS, Appellant, v. THRIFTY DRUG STORES COMPANY, INC. (a Corporation), Respondent.

Wood, Crump, Rogers, Arndt & Evans, Stanley M. Arndt and Dale J. Herian for Appellant.

Eugene S. Ives for Respondent.

DRAPEAU, J.—After having lunch at a counter in defendant's drugstore plaintiff got down from a stool, walked three or four steps, slipped and fell. She struck the floor in a sitting position, was helped up, and then fell again to her knees. From the pleadings it would appear that she suffered serious injuries.

Plaintiff saw a piece of greasy avocado, dark green or black, on the floor where she had slipped.

A gentleman at the counter heard the thud of plaintiff's fall, turned around, saw her on the floor, got down, and helped her to her feet. He testified that he noticed on the floor a piece of ''gooey material about as big as a half dollar, maybe larger.'' This he scooped into a napkin and laid on the counter.

Defendant's store manager testified that the store was well lighted and the floor was clean; that it had been swept about 11:30 that morning, about an hour before plaintiff fell. The manager admitted that she had been told of the removal of the greasy substance from the floor. This testimony was corroborated by the lady in charge of the lunch counter.

Upon stipulation, the issue of liability was tried first, and no evidence of damages was taken. The trial court found against plaintiff on negligence. From the judgment which followed plaintiff appeals.

There is little conflict in the evidence. Plaintiff slipped on something on the floor as she was leaving the lunch counter. She said it was a piece of an avocado. Her witness said

it was a greasy substance. Witnesses for defendant did not deny that the substance, whatever it was, was on the floor, and that plaintiff slipped on it.

■ The vital question here is whether defendant had actual or constructive knowledge of the dangerous condition on the floor. If defendant had, or should have had, such knowledge, and failed to use ordinary care to remedy the condition, then liability attaches. (*Louie* v. *Hagstrom's Food Stores, Inc.*, 81 Cal.App.2d 601 [184 P.2d 708]; *Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827 [206 P.2d 6].)

■ But proof that plaintiff slipped on an avocado on defendant's floor does not compel a finding of negligence. It was the province of the trier of fact to determine the existence of the further essential part of plaintiff's cause of action—that the avocado had been on the floor long enough for defendant to have been actually or constructively aware of its presence there. This question of fact was for the determination of the judge who tried the case. (*Louie* v. *Hagstrom's Food Stores, Inc., supra*, and cases cited.)

Herein lies the weakness of plaintiff's appeal, for under the substantial-evidence rule basic in our system of jurisprudence in California this court is bound by the finding of the trial court.

Plaintiff argues that the aged appearance of the avocado, and the fact that it was thrown away by employees of defendant raises a presumption that it had been on the floor for hours; also that defendant's failure to call as witnesses the janitor, the bus boy, and the waitress closest to plaintiff when she fell raises a presumption that such testimony was not produced because it was unfavorable to defendant. These were cogent arguments to have been presented to the trier of fact. In this court they have no persuasive effect.

The judgment is affirmed.

Doran, J., and Hanson, J. pro tem., concurred.