[Civ. No. 18294.   First Dist., Div. Two.   Jan. 18, 1960.]

RUBY BEAL, Appellant, v. BLUMENFELD THEATRES, INC. (a Corporation) et al., Respondents.

Smith, Parrish, Padduck & Clancy and Smith & Parrish for Appellant.

James C. Calkins for Respondents.

DRAPER, J.—Plaintiff appeals from judgment of nonsuit entered in this action for personal injuries.

Plaintiff and her husband paid admission and entered defendant's theater. They walked up a ramp which led to a cross-aisle separating loge and balcony sections, and thence down some stairs in the center aisle to their loge seats. After about an hour, plaintiff went to the rest room, reaching the lobby over the same route by which she had entered. Then she again walked up the ramp and started down the stairs of the left aisle to return to her seat. An usherette stood at the head of the ramp, but did not offer or attempt to lead or escort plaintiff down the stairs. As plaintiff reached the third step, she saw a round, dark object which appeared to be a man's hat. She tried to avoid it, but, being in the process of taking a step, was unable to do so. She stepped on the object and fell, sustaining claimed injuries for which she seeks damages in this action. The theater usherettes carried flashlights and were instructed to use them to guide each patron to his seat. The usherettes were also required to keep the aisles and stairways clear of obstruction or of objects which might be hazards, and the lighting of patrons to their seats was in part to further this purpose and in part as a courtesy aid to patrons in the darkened theater.

The judgment of nonsuit can be affirmed only if, disregarding conflicting evidence and indulging all legitimate inferences in favor of plaintiff, there still is no evidence sufficiently substantial to support a verdict for plaintiff. (*Blumberg* v. *M. & T., Incorporated*, 34 Cal.2d 226, 229 [209 P. 2d 1].)

Here an owner is sought to be held liable for injury to a business invitee caused by a dangerous or defective condition of the premises. The general rule is that where the dangerous condition is brought about by third persons "then

to impose liability the owner must have either actual or con-
structive knowledge of the dangerous condition or have been
able by the exercise of ordinary care to discover the condition,
which, if known to him, he should realize as involving an un-
reasonable risk to invitees on his premises. His negligence in
such cases is founded upon his failure to exercise ordinary
care in remedying the defect after he has discovered it or as a
man of ordinary prudence should have discovered it." (*Hat-
field* v. *Levy Brothers*, 18 Cal.2d 798, 806 [117 P.2d 841].)

As a corollary, "The fact alone that a dangerous condi-
tion existed at the time the accident occurred will not warrant
an inference that the defendant was negligent. There must be
some evidence, direct or circumstantial, to support the conclu-
sion that the condition had existed long enough for the pro-
prietor, in the exercise of reasonable care, to have discovered
and remedied it." (*Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.
2d 827, 829 [206 P.2d 6].)

Here there is no evidence warranting any reasonable
inference as to the length of time the hat which caused plain-
tiff's fall was on the stair. Thus, argues defendant, there is
no possible basis for liability, and the nonsuit was properly
granted.

This contention overlooks the significance of defendant's
own rule requiring its employees to light the way of each
patron to his seat. Such a rule is properly admissible in evi-
dence "as bearing on the standard of care . . . (defendant)
thought appropriate" to insure safety. "While a violation of
such rule would not constitute negligence per se, it would be
a circumstance for the jury to consider on the issue of . . .
(defendant's) negligence." (*Powell* v. *Pacific Electric Rail-
way Co.*, 35 Cal.2d 40, 46 [216 P.2d 448]; see also *Sapp* v.
*W. T. Grant Co.*, 172 Cal.App.2d 89, 93 [341 P.2d 826];
*Simon* v. *City & County of San Francisco*, 79 Cal.App.2d 590,
597 [180 P.2d 393]; 2 Wigmore on Evidence [3d ed.] 132.)
In the case at bar, the nonsuit deprived the jury of the oppor-
tunity to consider this circumstance.

The jury could have concluded that the illumination of
plaintiff's way inherent in an usherette's compliance with the
company rule not only would have resulted in discovery of
the hat by the usherette, but would have made it plain to
plaintiff in time to warn her and enable her to avoid the
accident. While discovery and warning would have been
simultaneous, and would have preceded plaintiff's arrival at
the step by only a moment, the jury could conclude that this

brief warning would have averted the accident and that its omission was a proximate cause of plaintiff's fall. These issues should have been left to the jury.

Judgment of nonsuit reversed.

Kaufman, P. J., and Dooling, J., concurred.