Filed 1/15/14  Torres v. Target CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SANDRA TORRES,<br><br>        Plaintiff and Appellant,<br><br>     v.<br><br>TARGET CORPORATION et al.,<br><br>        Defendants and Respondents. | B241941<br><br>(Los Angeles County<br>Super. Ct. No. VC057053) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Margaret M. Bernal, Judge.  Affirmed.

Law Offices of Barry Novack, Barry B. Novack and Samuel J. Winokur for Plaintiff and Appellant.

Manning & Kass, Ellrod, Ramirez, Trester, Eugene J. Egan, Steven J. Renick, and Joshua B. Shayne for Defendants and Respondents.

Plaintiff and appellant Sandra Torres (plaintiff) appeals the summary judgment entered in favor of defendants and respondents Target Corporation (Target) and Noah Gilchrist (Gilchrist) (collectively, defendants) in this negligence action for injuries sustained when plaintiff slipped and fell inside a Target store. We affirm the judgment.

## BACKGROUND

**Factual background**

Plaintiff slipped and fell in a Target store in Santa Fe Springs, California on September 5, 2008. She entered the store when it opened at 8:00 a.m. and shopped. Approximately 10 to 15 minutes after entering the store, plaintiff slipped and fell in the center of the main aisle near the infants' section and men's clothing. Before she fell, plaintiff felt some unknown item under her sandal that caused her to lose her balance. Her left foot rotated down toward the ground and then turned around approximately 90 degrees. The object plaintiff stepped on caused a round indentation, approximately one-eighth inch across the sole of her left sandal. Plaintiff did not know the size, shape, or identity of the object she stepped on before falling, how that object came to be on the floor, or how long it had been on the floor before she fell.

Janitors from Global Building Services (Global) cleaned the Santa Fe Springs Target store every day in September 2008 before the store opened at 8:00 a.m. At the end of each Global shift, Target store facilities technician Gregory Bautista (Bautista) inspected the areas of the store that the janitors had cleaned. When the Global janitors finished cleaning the store at approximately 7:50 a.m. on September 5, 2008, Bautista walked through the store with a Global employee to look for debris or liquid that needed to be cleaned up. That joint inspection included walking through the aisle where plaintiff's accident later occurred. Earlier that same morning, from approximately 6:45 to 7:45 a.m., Bautista had walked down the store's main aisles, including the aisle where plaintiff later fell, to look for anything that could be a tripping or slipping hazard.

Lorraine Madrid (Madrid) was stocking shelves at the Santa Fe Springs Target store on the date of plaintiff's accident. That morning, Madrid and four other employees unpacked clothing and stocked shelves with infants' merchandise and shoes. It was their

2

responsibility to ensure that the floor was clean so that no one would fall, and they cleaned up any trash or debris that was on the floor. Madrid did not witness the accident but heard plaintiff calling for help and found her on the floor of the main aisle near infants' products and men's clothing. Bautista arrived a few minutes later. Madrid told Bautista that plaintiff had fallen. Bautista and Madrid looked on the floor for anything that may have caused plaintiff to slip and fall but did not find anything. Bautista also touched the floor with his hand to check for liquids but found nothing.

Defendant Gilchrist was a Target executive team leader working at the Santa Fe Springs Store on September 5, 2008. He did not witness plaintiff's accident but prepared an incident report in which he indicated a crumpled paper was present on the floor. At the time of his deposition, Gilchrist did not recall plaintiff's accident and he did not know whether he associated the crumpled paper with the incident.

**Procedural background**

Defendants moved for summary judgment on the grounds that there was no evidence of any causal connection between plaintiff's fall and any defective condition on Target's premises and no evidence that defendants had actual or constructive notice of the unidentified condition that caused plaintiff to fall. In support of their motion, defendants submitted a separate statement that was in turn supported by plaintiff's discovery responses and deposition testimony, and by the deposition testimony of Madrid, Bautista, Gilchrist, and three Global employees.

Plaintiff opposed the summary judgment motion, arguing that triable issues of fact existed as to whether defendants created a dangerous condition, whether defendants had constructive notice of a dangerous condition, and whether the dangerous condition caused her injuries. In support of her opposition, plaintiff submitted her own separate statement containing the following additional undisputed facts: The day of plaintiff's accident was an unloading day at the Santa Fe Springs Target store. There were more employees stocking the shelves on unloading days than there were on other days. Target employees loading the shelves would drop things on the floor, such as straps, packaging material, trash and debris, and Global employees might have to pick up Styrofoam and ripped

3

bags. Target employees stocking the shelves would create more debris after the Global employees had finished. Target employees were supposed to clean up such debris by bagging it and transporting it in carts to a trash compactor at the back of the store. Trash would sometimes fall off a cart while it was being pushed to the compactor area. Madrid took trash to the compactor area on the morning of plaintiff's accident, using the same aisle in which plaintiff fell. After plaintiff fell, she noticed a green crumpled wrapper on the floor, approximately one foot in front of her and two feet to the right of her right foot. She had not noticed this object before she fell. Plaintiff's separate statement was supported by, among other evidence, her own declaration, Madrid's deposition testimony, and the deposition testimony of Global employees.

In ruling on the summary judgment motion, the trial court found that defendants had met their initial burden of establishing that there was no defective condition of which they ought to have had notice. The court further found that plaintiff failed to submit any evidence demonstrating a triable issue as to whether defendants breached their respective duties, and then granted the motion for summary judgment.

This appeal followed.

## DISCUSSION

### I. Standard of review

Summary judgment is granted when a moving party establishes the right to entry of judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the initial burden of proving that there is no merit to a cause of action by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Cucuzza v. City of Santa Clara* (2002) 104 Cal.App.4th 1031, 1037.) Once the defendant has made such a showing, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) If the plaintiff does not make such a showing, summary judgment in favor of the defendant is appropriate. In order to obtain a summary judgment, "all that the defendant

4

need do is to show that the plaintiff cannot establish at least one element of the cause of action . . . . [T]he defendant need not himself conclusively negate any such element . . . ." (*Id*. at p. 853.)

We review the trial court's grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348; Code Civ. Proc., § 437c, subd. (c).)

## II. Negligence and premises liability

The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury. (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917-918.) The elements of a cause of action for premises liability are the same as those for negligence: duty, breach, causation, and damages. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205 (*Ortega*); see Civ. Code, § 1714, subd. (a).) In addition, a plaintiff suing for premises liability has the burden of proving that the owner had actual or constructive knowledge of a dangerous condition in time to correct it, or that the owner was "'able by the exercise of ordinary care to discover the condition.'" (*Ortega, supra*, at p. 1206, quoting *Girvetz v. Boys' Market, Inc.* (1949) 91 Cal.App.2d 827, 829.) The reason for placing this burden of proof on the plaintiff "is that if the burden of proving lack of notice were placed on the owner in a slip-and-fall case, where the source of the dangerous condition or the length of time it existed cannot be shown, failure to meet the burden would require a finding of liability, effectively rendering the owner an insurer of the safety of those who enter the premises. [Citation.]" (*Ortega*, at p. 1206.)

When the plaintiff has no evidence of the length of time the dangerous condition existed prior to the injury, "evidence of the owner's failure to inspect the premises within a reasonable period of time is sufficient to allow an inference that the condition was on the floor long enough to give the owner the opportunity to discover and remedy it. [Citation.]" (*Ortega, supra*, 26 Cal.4th at p. 1203, fn. omitted.) Although the owner's constructive knowledge of the dangerous condition may be inferred from a failure to

5

inspect the premises within a reasonable time, speculation and conjecture are insufficient to sustain the plaintiff's burden. (*Id.* at pp. 1205-1206.) Whether a dangerous condition existed long enough for a reasonably prudent person to have discovered it is ordinarily a question of fact for the jury. (*Id*. at p 1207.) However, if the evidence does not support a reasonable inference that the hazard existed long enough to be discovered in the exercise of reasonable care, the issue of notice may be resolved as a matter of law. (*Ibid.*) An owner is therefore entitled to judgment as a matter of law if the plaintiff fails to show that the dangerous condition existed for at least a sufficient time to be discovered by ordinary care and inspection. (*Ibid*.)

## III. **No actual or constructive notice of the dangerous condition**

Defendants met their statutory burden under Code of Civil Procedure section 437c of showing that plaintiff cannot establish that they had actual or constructive notice of a dangerous condition.[1] Plaintiff concedes she does not know what caused her to slip and fall. She lost her balance after stepping on an unidentified object that left a one-eighth inch indentation on her shoe, but admits that she does not know how that object came to be on the floor or how long it had been there before she fell.

Defendants presented evidence that Target employees inspected the premises within a reasonable time before plaintiff's accident and found no hazards. Bautista testified in deposition that he twice inspected the floor for debris and hazards before plaintiff fell. The first inspection took place between 6:45 and 7:45 a.m. The second inspection occurred at approximately 7:50 a.m. -- approximately 17 to 25 minutes before plaintiff's accident -- and was conducted by both Bautista and a Global employee. Both inspections included a walk-through of the same aisle in which plaintiff fell.

Plaintiff failed to raise any triable issue as to notice. The evidence she presented does not support a reasonable inference that the alleged hazard existed long enough to be

---

[1]     Plaintiff presented no argument in her opening brief as to why the judgment entered in favor of Gilchrist should be reversed and therefore waived any argument on appeal as to Gilchrist. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

discovered in the exercise of reasonable care. Plaintiff's evidence showed that Madrid and other Target employees continued to stock the shelves after plaintiff entered the store, that such stocking activities generated debris that employees transported in carts to a trash compactor in the rear of the store, that trash occasionally fell off the carts during transport, and that Madrid transported trash that morning through the aisle in which plaintiff later fell. There is no evidence, however, that Madrid or any other Target employee transported trash through that aisle during the 17- to 25-minute interval between Bautista's second inspection and plaintiff's accident. Plaintiff's evidence showed that Madrid finished stocking the infants' section "by 8 o'clock." Madrid testified that that there was no debris or trash on the floor by that time because "[w]e already had cleaned up" and "everything was gone."

Even assuming Madrid transported trash through the aisle between Bautista's 7:50 a.m. inspection and 8:00 a.m. when Madrid and her co-workers had finished cleaning up, plaintiff's own evidence eliminates any triable issue as to whether any hazard existed during that 10-minute interval that should have been discovered and remedied. Madrid testified in deposition that after transporting trash to the compactor, she walked through the aisle in which plaintiff's accident subsequently occurred in order "[t]o clean up, put things away, make sure everything was picked up" and to "[m]ake sure that everything was off the floor, there was no cardboard, no plastic bags, put all the carts away, get the carts out of the aisles." The evidence showed that Madrid did so because she and other Target stockers were responsible for ensuring that the floors were free of hazards.

Plaintiff cites several cases to support her argument that a jury should decide whether the allegedly dangerous condition existed long enough to be discovered by defendants and whether Target's inspections should have been more frequent. All of those cases are distinguishable. *Sapp v. W. T. Grant Co.* (1959) 172 Cal.App.2d 89 involved injuries sustained by a plaintiff who slipped on a spool of thread after the clerk responsible for that area left it unsupervised during a 20-minute coffee break. The clerk had failed to comply with the store's established procedure requiring her to notify an

employee in a neighboring department before leaving on a break so "'that the floor was covered.'" (*Id.* at pp. 92-93.) In the instant case, there is no evidence of noncompliance by any Target employee with store procedures for floor inspections or cleanup. Rather, the evidence shows that within a 17- to 25-minute period before plaintiff's accident occurred, Target employees conducted three separate inspections of the area in which plaintiff subsequently fell.

*Louie v. Hagstrom's Food Stores, Inc.* (1947) 81 Cal.App.2d 601 (*Louie*) and *Dillon v. Wallace* (1957) 148 Cal.App.2d 447 (*Dillon*), on which plaintiff also relies, involved injuries sustained during a slip and fall in a grocery store, a business establishment markedly different than a department store such as Target. As the court in *Louie* observed: "A person operating a grocery and vegetable store in the exercise of ordinary care must exercise a more vigilant outlook than the operator of some other types of business where the danger of things falling to the floor is not so obvious." (*Louie, supra*, at p. 608.) Plaintiff's accident did not occur in a produce or grocery department, and there is no evidence that Target failed to inspect the area within a reasonable period of time. *Louie* and *Dillon* are therefore factually distinguishable.

Plaintiff raised no triable issue as to whether defendants had actual or constructive notice of any dangerous condition. Summary judgment was properly granted in defendants' favor.

## DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
CHAVEZ

We concur:

_____, Acting P. J.          _____, J.
ASHMANN-GERST                                   FERNS*

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8