Filed 1/19/24  Pollock v. Panda Express CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JOAN ORTIZ POLLOCK,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PANDA EXPRESS, INC.,<br><br>    Defendant and Respondent. | B325058<br><br>(Los Angeles County<br>Super. Ct. No.<br>20STCV44450) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Audra M. Mori, Judge.  Affirmed.

Law Offices of Andrew Zeytuntsyan, Andrew Zeytuntsyan; Gelb Law and Yisrael Gelb for Plaintiff and Appellant.

Murchison & Cumming, Christopher M. McDonald and Matthew E. Voss for Defendant and Respondent.

_____

Joan Ortiz Pollock (Plaintiff) sued Panda Express, Inc. (Defendant) for premises liability after she slipped and fell on the floor of one of Defendant's restaurants. The trial court granted Defendant summary judgment. Plaintiff appealed. We conclude the error in one of the trial court's evidentiary rulings was harmless, and there were no triable issues of fact as to Defendant's liability. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

## I. Facts

At approximately 7:23 p.m. on March 6, 2019, Plaintiff walked through the main entrance of the restaurant to purchase some dinner to take home. It had been raining that day. Just inside the main entrance, Plaintiff wiped her shoes on a rubber "anti-slip" floor mat. Plaintiff then turned to her left and walked toward the rest rooms located down a hallway near a side door entrance to the restaurant. As she approached the women's rest room at approximately 7:24 p.m., Plaintiff slipped and fell on the floor between the women's and men's rest rooms. Plaintiff screamed.

Plaintiff does not know what caused her to slip and fall. The hallway had adequate lighting that night. While on the floor after her fall, Plaintiff did not see anything that she believed made her fall. Plaintiff never advised Defendant's employees of any substance on the floor that she believed had caused her to slip.

At approximately 7:22 p.m., two minutes prior to Plaintiff's fall, Oscar Hernandez, the restaurant's assistant manager, made his way to the men's rest room. En route, Hernandez inspected the hallway floor outside the men's and women's rest rooms. Hernandez saw no liquids, debris, or foreign substances on the

2

floor. If he had, Hernandez would have instructed another employee to clean up such materials, or would have immediately done so himself.

Two minutes after entering the men's rest room, Hernandez heard screams and exited to find Plaintiff on the hallway floor he had just inspected. Hernandez saw no liquids, debris, or foreign substance on the floor where Plaintiff fell.

No surveillance video footage was produced showing the hallway outside the rest rooms where Plaintiff fell on the night of March 6, 2019. Both parties produced still photographs from surveillance videos and the surveillance videos depicting the area immediately inside both the main entrance and the side door. [1] The still photographs were time and date stamped from 7:14 p.m. to 8:43 p.m. that night.

## II.    Procedural Background

In November 2020, Plaintiff sued Defendant for premises liability. Plaintiff alleged in her complaint that while in the Defendant's restaurant, she "slipped and fell on a slippery substance" and was injured due to Defendant's negligence.

Defendant moved for summary judgment, arguing there were no triable issues of material fact that prior to Plaintiff's slip and fall, Defendant had no actual notice of any dangerous condition on the hallway floor and had no reasonable time to discover and correct any such hazard. The motion was supported by a declaration from Hernandez, the surveillance videos and still photographs, and excerpts from Plaintiff's deposition.

---

[1] The CD's of the surveillance videos are not part of the record on appeal and the Internet link to them has expired. However, the still photographs are part of the record.

Along with her opposition, Plaintiff submitted a declaration by a "safety and liability expert," Eris J. Barillas (Barillas), who opined that "Defendant's failure to properly maintain the walking surfaces in the dining room in combination with Defendant's practice of allowing trash to accumulate and overflow from the trash receptacles onto the floor, thereby contaminating the floor surface, was the cause of Plaintiff's fall and resultant injuries." The declaration was accompanied by the still photographs from the restaurant's surveillance videos. Additional Plaintiff's exhibits were excerpts of Hernandez's and Plaintiff's depositions. Plaintiff also filed evidentiary objections to Hernandez's declaration.

Defendant filed a reply and evidentiary objections to the declaration of Plaintiff's expert.

Following a hearing, the trial court granted Defendant summary judgment. Citing *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200 (*Ortega*) and *Girvetz v. Boys' Market, Inc.* (1949) 91 Cal.App.2d 827, the court explained Defendant could be liable for premises liability only if the restaurant had "constructive notice" of the "alleged dangerous condition." The court ruled there were no triable issues of material fact as to whether the restaurant had constructive notice of any liquids, debris or foreign substances on the floor because it was undisputed that Hernandez had inspected the hallway area between the rest rooms just two minutes before Plaintiff's slip and fall. "A period of two minutes is too short of a time to require Defendant to have discovered the condition and remedied it, and thus to establish constructive notice."

Following the entry of judgment, Plaintiff filed this timely appeal.

4

**DISCUSSION**

## I.     Trial Court's Evidentiary Rulings Were Partially Incorrect, but Harmless

As a threshold matter, Plaintiff contends the trial court erroneously excluded portions of the declaration of Plaintiff's expert, Barillas.  Although the standard of review for evidentiary rulings on summary judgment has yet to be settled by our Supreme Court, we side with the majority rule and review such rulings for an abuse of discretion.  (*LAOSD Asbestos Cases* (2023) 87 Cal.App.5th 939, 946 & fn. 3.)

The trial court excluded two categories of information set forth in Barillas's declaration—namely, (1) Barillas's recounting of Plaintiff's deposition testimony that Plaintiff saw an "oily contaminant" or "substance" on the floor when she fell, on the grounds that this recounting ran afoul of *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*) and (2) five other portions of Barillas's declaration, on unspecified grounds.  Because Plaintiff did not ask the trial court to clarify the grounds for excluding the second category of statements, and because Plaintiff mistakenly argues on appeal that they were excluded on *Sanchez* grounds, only the trial court's ruling on the first category is properly before us on appeal.

The trial court erred in excluding the portions of Barillas's declaration that merely recounted Plaintiff's deposition testimony, but that error was harmless.  *Sanchez* provides that an expert may *rely* on inadmissible hearsay in forming an opinion, but may not *relay* that hearsay unless it is otherwise admissible in evidence.  (*Sanchez, supra*, 63 Cal.4th at pp. 685–686.)  Although a party's deposition testimony admitted for its truth constitutes hearsay when offered by that party *at trial*, it is

5

not hearsay when offered by that party on a motion for summary judgment—where a party's deposition functions as their in-court testimony. (E.g., *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1119–1120.) Thus, Barillas's recitation of Plaintiff's deposition testimony did not run afoul of *Sanchez*. As explained below, however, this error was harmless because neither Plaintiff's deposition testimony nor Barillas's expert opinion relying upon that testimony creates a triable issue of fact as to whether Defendant had constructive notice of the substance Plaintiff saw on the ground.

## II.    Summary Judgment Law

Summary judgment is appropriate if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) " ' " ' "We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained." ' [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." ' " (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.)

A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853.) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating

6

there is a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at p. 850.)

 **III.   Premises Liability Law**

The elements of a premises liability claim are the same as those of a negligence claim:  "a legal duty of care, breach of that duty, and proximate cause resulting in injury." (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158.)  "[L]andowners are required 'to maintain land in their possession and control in a reasonably safe condition' [citation], and to use due care to eliminate dangerous conditions on their property." (*Taylor v. Trimble* (2017) 13 Cal.App.5th 934, 943–944; accord, *Ortega, supra,* 26 Cal.4th at p. 1205 ["It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe"].)  "A store owner exercises ordinary care by making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." (*Ortega,* at p. 1205.)

 " 'On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof.  The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. . . .' [Citation.]  In the context of a business owner's liability to a customer or invitee, speculation, and conjecture with respect to how long a dangerous condition has existed are insufficient to satisfy a plaintiff's burden." (*Ortega, supra*, 26 Cal.4th at pp. 1205–1206; accord, *Peralta v. The Vons Companies, Inc.* (2018) 24 Cal.App.5th 1030, 1035.) "Because the owner is not the insurer of the visitor's personal

safety [citation], the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability." (*Ortega*, at p. 1206; accord, *Peralta*, at p. 1035; *Girvetz v. Boys' Market, Inc.*, *supra*, 91 Cal.App.2d at p. 829 [a store owner is "not an insurer of the safety of [its] patrons"].)  Moreover, "where the plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it."  (*Ortega*, at p. 1206.)

Where, as here, there is "no evidence of the source of the dangerous condition or the length of time it existed," a store owner's "failure to inspect the premises within a reasonable period of time" creates an "inference that the defective condition existed long enough for a reasonable person exercising ordinary care" to have constructive notice of that condition (which, in turn, constitutes evidence that the owner breached its duty of care). (*Ortega, supra*, 26 Cal.4th at p. 1203; *Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 477.)  What is a "reasonable period of time" depends on the "unique circumstances" of each case.  (*Ortega, supra,* 26 Cal.4th at p. 1207.)

## IV.    No Triable Issue of Fact as to Constructive Notice

### A.    Defendant's Initial Burden

We independently agree with the trial court that Defendant carried its initial burden of establishing the restaurant had no constructive notice of any liquids, debris, or foreign substances on the floor where Plaintiff fell, and thus did not breach its duty of care to Plaintiff.  No one knew the origin of any substance that Plaintiff claimed had caused her to slip and fall.  Nor did anyone know how the purported substance was transported there.

8

Although Barillas's acknowledged these facts in her declaration, she nonetheless suggested—in the admissible portions of her declaration—that the incident was caused by overflowing trash receptacles inside the main entrance and food spilled on the floor that Plaintiff had traversed.  As the trial court determined, the theory that Plaintiff's fall was caused by debris on the floor is speculative.  None of the accompanying photographs on which Barillas relies show the trash cans were overflowing or there was trash or food on the floor where Plaintiff was seen walking.  (*Garibay v. Hemmat* (2008) 161 Cal.App.4th 735, 743 [expert opinions based on assumptions of fact with no evidentiary support are speculative and without evidentiary value and do not raise triable issues of fact]*; Sanchez v. Kern Emergency Medical Transportation Corp.* (2017) 8 Cal.App.5th 146, 155 [same].)  Barillas's speculative opinion presents no triable issue of fact.

More importantly, it is uncontroverted that Hernandez had inspected the very area in this case just two minutes before Plaintiff's slip and fall, which satisfies Defendant's initial burden: Where a "store owner has taken care in the discharge of its duty[] by inspecting its premises in a reasonable manner, then no breach will be found even if a plaintiff does suffer injury." (*Ortega, supra*, 26 Cal.4th at p. 1211.)  This means the trial court properly found Plaintiff's attack on Hernandez's credibility has no bearing on whether summary judgment is to be granted. "[S]ummary judgment shall not be denied on grounds of credibility." (Code Civ. Proc., §437c, subd. (e); *Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 840 ["The trial court may not weigh the evidence in the manner of a fact finder to determine whose version is more likely true.  [Citation.]  Nor may

9

the trial court grant summary judgment based on the court's evaluation of credibility"].) Plaintiff's assertion to the contrary, the court properly referenced and applied this rule of law. Plaintiff's challenge to Hernandez's credibility raises no triable issue of fact.

On de novo review, we also agree with the trial court's finding that Hernandez's inspection of the area two minutes before Plaintiff's fall, combined with Plaintiff's testimony of not seeing anything on the floor before she fell negate an inference a dangerous condition existed long enough for the restaurant to reasonably discover it. (See *Peralta, supra,* 24 Cal.App.5th at p. 1037 [trial court properly granted summary judgment in favor of store where clerk's sweep was recorded fewer than eight minutes before the plaintiff's fall, clerk did not see anything in his sweep, and the plaintiff admitted she did not see any substance on the floor before or after her fall]; *Girvetz v. Boys' Market, Inc., supra,* 91 Cal.App.2d at p. 831 [customer's fall on banana peel remaining on the floor for one-and-a-half minutes was insufficient time for constructive notice].) Plaintiff did not establish a triable issue of fact as to constructive notice.

## B. Plaintiff's Consequent Burden

Plaintiff offers three arguments in response. First, the trial court "should have applied the holding in *Scott v. Alpha Beta Co.* (1980) 104 Cal.App.3d 305, 310–311 (*Scott*), a comparative negligence case. In *Scott*, a store customer brought an action for negligence alleging rainwater tracked onto a slippery interior floor mat caused her to fall. (*Id.* at pp. 306–307.) There was evidence the owner had sufficient notice of the dangerous condition of the property. The owner knew it was raining, knew invitees would be continuously entering the building while it was

10

raining and would track water onto the floor, and knew the floor was slippery when wet and the mat collected water. (*Id.* at pp. 307–308.) There was also evidence the customer had failed to exercise due care for her safety. The customer had a "trick knee," which may have given out and caused her to fall, she wore house slippers into the store and might be expected to know the slippers would remain wet when she reached the end of the floor mat, and she took no special precautions in stepping from the mat to the floor. (*Id.* at p. 310.)

A jury found the store 60 percent negligent and the customer 40 percent negligent. (*Scott, supra,* 104 Cal.App.3d at p. 306.) Both parties appealed, and the judgment was affirmed. (*Id.* at p. 311.) *Scott* is of no assistance to Plaintiff for many reasons. Chief among them is, unlike this case, the origin and nature of the dangerous condition—a steady stream of rainwater on an already slippery floor and wet floor mat—was clearly known to the store. Here, neither the source nor location of the alleged substance was known to anyone before Plaintiff fell. This distinction is made more obvious by Plaintiff's changing claims as to the nature of that substance—trash or rainwater. We cannot infer the existence of evidence from the absence of evidence.

Plaintiff further argues the question of causation is typically one for the jury (*Kaney v. Custance* (2022) 74 Cal.App.5th 201, 212), thus rendering it inappropriate to grant summary judgment. This is true. However, it is ultimately irrelevant where, as here, causation cannot be established by nonspeculative evidence (see *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 774), and there is no triable issue of fact as to the lack of constructive notice. Summary judgment is still appropriate where the "facts . . . are undisputed" or where

11

reasonable minds can come to but one conclusion. (*Ortega, supra,* 26 Cal.4th at p. 1205.)

Finally, Plaintiff urges that the trial court erred in not applying the doctrine of res ipsa loquitur. Because Plaintiff failed to present, develop, and advance her legal argument regarding res ipsa loquitur before the trial court, she has forfeited that argument on appeal. (See *Bently Reserve LP v. Papaliolios* (2013) 218 Cal.App.4th 418, 435–436 [failure to sufficiently raise an issue before trial court forfeits the issue on appeal]; *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1056; *Peart v. Ferro* (2004) 119 Cal.App.4th 60, 70 [appellate court will not entertain potential theories that could create triable issues of fact unless presented, developed, and argued to the trial court].) Moreover, even if we were to consider Plaintiff's argument, we would conclude it lacks merit.

## DISPOSITION

The judgment is affirmed.   Defendant, Panda Express, Inc., shall recover its costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

13